IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08-CR-00223-RJC

| USA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EDUARDO VAZQUEZ | ) | |
| | ) | |

**THIS MATTER** is before the Court on defendant's pro se motion to vacate or reduce his sentence under common law writs or the All Writs Act, 28 U.S.C. § 1651. (Doc. No. 33).

The defendant claims that the Court unconstitutionally determined the drug quantity under the sentencing guidelines. (Id. at 7). Generally, a person in custody may move the Court to vacate a sentence imposed in violation of the Constitution or laws of the United States under 28 U.S.C. § 2255. The defendant's attempt to obtain other relief is unavailing.

"A writ of audita querela is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under [28 U.S.C.] § 2255." In re Moore, No. 12-1720, 2012 WL 5417618, at *1 (4th Cir. Nov. 7, 2012) (unpublished) (citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002); and United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992) (noting that relief under this writ is unavailable to a petitioner who could raise his claim pursuant to § 2255)). Relief under a theory of coram nobis was traditionally available only to raise factual errors affecting the validity and regularity of the underlying proceeding itself, such as a defendant's being under age or deceased. Carlisle v. United States, 517 U.S.

416, 429 (1996). Although the All Writs Act provides residual authority for courts to issue writs not otherwise addressed by statute, such authority ends where a statute controls. Id. Thus, the Fourth Circuit found that the writ was properly granted "in light of a retroactive dispositive change in the law of mail fraud" where petitioners had already served their sentences and had no other remedy available. United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988) (vacating convictions in wake of McNally v. United States, 483 U.S. 350 (1987)). As stated above, § 2255 provides the statutory avenue for challenging alleged constitutional errors in sentencing.

**IT IS, THEREFORE, ORDERED** that the defendant's motion to vacate or reduce his sentence under common law writs or the All Writs Act, 28 U.S.C. § 1651, (Doc. No. 33), is **DENIED**.

Signed: July 11, 2018

Robert J. Conrad, Jr.
United States District Judge